**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PRISCILLA SILVA | CIVIL NO. 16-2311 (PAD) |
| Plaintiff, | CIVIL ACTION FOR DAMAGES UNDER LAW 21 (SALES REPRESENTATIVES); TORTIOUS INTERFERANCE; SLANDER |
| v. | |
| ENTIC, INC.; CARLOS DIAZ; MANUEL ROSENDO; EDWIN FERNANDEZ, | JURY TRIAL IS REQUESTED |
| Defendants. | |

<u>**MOTION TO DISMISS**</u>

**COME NOW** Co-Defendants ENTIC, INC., ("ENTIC")[1], Carlos Díaz ("Díaz") and Manuel Rosendo ("Rosendo") through the undersigned counsel, and respectfully state, allege, and pray as follows:

## I.    <u>Introduction</u>

Plaintiff Priscilla Silva ("Plaintiff" or "Silva") brings suit against ENTIC, Díaz, Rosendo, and Edwin Fernández ("Fernández").  In her Complaint, she alleges that ENTIC terminated her as its exclusive sales representative in Puerto Rico without just cause, in violation of the Puerto Rico Sales Representative Act, Law No. 21 of December 5, 1990, 10 P.R. Laws Ann. §§ 279-279h ("Law 21").  <u>See</u> Docket No. 1, ¶ 18.  Finally, Silva contends that her reputation as a businesswoman "was damaged by ENTIC's false and inflammatory allegations of fraud." <u>See</u> Docket No. 1, ¶ 28. None of the claims brought by Silva have any merit, and for that reason, ENTIC, Díaz and Rosendo hereby move this Court to dismiss the Complaint.

---

[1] Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 7.1, ENTIC hereby certifies that it has no parent companies, subsidiaries or affiliates that have issued shares to the public.

Law 21 is inapplicable in this case for three two reasons. First, the Complaint fails to allege sufficient facts to establish that Plaintiff was a sales representative under Puerto Rico law. Other than cursory and conclusory statements, that are insufficient to survive a Rule 12(b)(6) motion, Silva does not allege that she had a local presence in Puerto Rico and an exclusive representative agreement with ENTIC; both Law 21 requirements.  Second, Plaintiff does not allege that her contract with ENTIC had a fixed term of duration, a requirement for action seeking redress under Law. 21.

In addition, Silva's slander claim fails to allege a valid claim under Puerto Rico law she did not plead that the alleged false and defamatory statement made by ENTIC's executives was made to another person in a negligent manner or that such statement caused real damages to her reputation.

## II.    Standard of Review

Under Rule 12(b)(6), a defendant may move to dismiss an action against it for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has

not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Accordingly, a plaintiff must plead sufficient facts that, if taken as true, allege "a clearly established violation of law" or "a violation of a clearly established right." Id. at 673, 677. "The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff will be able to offer evidence to support its claims." See Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997).

Finally, Fed.R.Civ.P. 10(c) provides that copies of documents that are exhibits to a pleading are part of the pleadings for all practical purposes.  Consequently those documents can be considered in a Rule 12(b)(6) motion.  In addition, it has been held that courts can also consider documents outside the complaint without converting it into a motion for summary judgment.  Such documents include public records, matters of public record and facts susceptible to judicial notice.  Deutche Bank Nat'l Trust v Moynihan, 2016 U.S. Dist. LEXIS 98733 (D. Mass. July 28, 2016), citing Butler v. Balolia, 736 F.3d 609, 611 (1st Cir. 2013); Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013)

In sum, when considering a motion to dismiss, the court must follow two principles: (1) legal conclusions posing as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and common sense. Id. at 678-679 (citing Twombly, 550 U.S. at 555-556). In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Id. at 679.

## III.   Discussion

### A.   The Complaint fails to alleges a cause of action against ENTIC, Diaz and Rosendo

The Complaint makes allegations against ENTIC, INC., and its two officers, Díaz and Rosendo.  The problem is that ENTIC, INC., did not exist in 2014, and therefore was not the party with whom Silva had discussions or arrangements to be its exclusive representative in Puerto Rico.

Attached hereto as **Exhibit A** is the document titled "Articles of Conversion for Florida Limited Liability Company in 'Converted or Other Business Entity,'" filed at  the Department of State of Florida on November 25, 2015.  According to this document, ENTIC, LLC, a Florida Limited Liability Company, converted into ENTIC, INC., a corporation duly organized and incorporated under the Laws of Delaware.  The conversion was effective on that same date, November 25, 2015.  Moreover, according to The Delaware Department of State, Division of Corporations, ENTIC, INC., file number 5883318, was incorporated on November 11, 2015.[2] This information is consistent the allegation in ¶ 2 of the Complaint that ENTIC, INC., is a Delaware corporation.

The entity that did exist in 2014, ENTIC, LLC, was a Florida limited liability company (number L11000007423) that is not a party to this lawsuit.  This limited liability company was organized in January, 2011, according to the Florida Department of State.[3] Therefore, it is not possible for Silva to have been appointed as ENTIC, INC's representative in Puerto Rico in early 2014, because this corporation did not exist then.

---

[2]  See  https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx.   The court may take judicial notice of this public record for purposes of this motion.

[3] See, http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=ENTIC%20L110000074230&aggregateId=flal-l11000007423-13a6d3cb-b497-4859-a7f6-25ecb4b74f2a&searchTerm=Entic&listNameOrder=ENTIC%20F150000054150.

These two entities are different.  One is a Florida limited liability Florida, while the other is a Delaware corporation. They are not, and cannot be, the same.  Consequently, the Complaint as to ENTIC, INC., and its two officers, Diaz and Rosendo must be dismissed.  Besides, any action filed against ENTIC, LLC, now would be time barred, given that the alleged "false and damages allegations" took place when Diaz and Rosendo "unilaterally decided to sever their professional relationship [at the end of 2014] and made false and damaging allegations regarding [her]."

Assuming for argument's sake that Plaintiff amends her pleadings to allege that both entities are one and the same, the Complaint would still not survive a Rule 12(b)(6) scrutiny for the reasons explained hereafter.

**B.**    **The Complaint fails to allege sufficient facts to show that Plaintiff is an exclusive sales representative under Puerto Rico law.**

   *1.   Puerto Rico's Sales Representative Law No. 21 of December 5, 1990.*

Law 21 protects sales representatives *in Puerto Rico* from arbitrary terminations or impairments of their relationships by their principals.  See 10 P.R. Laws Ann. § 279a; see also Tavárez v. Champion Products, Inc., 903 F. Supp. 268, 271 (D.P.R. 1995).   A sales representative is a business intermediary who: (1) exclusively promotes and processes contracts on behalf of a principal in an ongoing, stable manner; (2) operates in a defined territory or market; (3) is responsible for creating or expanding the market for the principal's products through promotional efforts; (4) receives commissions for his services; (5) operates as an independent merchant; (6) is an independent entrepreneur; (7) does not have any control over prices; (8) does not invest or acquire the product; (9) does not invest in the promotion of the product beyond the promotion for sale to the customer (no publicity campaigns); (10) does not deliver the product; (11) does not control the devolution or exchange of product; (12) does not

manage accounts or sale by credit; (13) does not assume the risk of non-payment by customer; (14) does not maintain inventory or warehouse; and (15) cannot sell or assign his right to sell the product. Cruz Marcano v. Sánchez Tarazona, 172 D.P.R. 526, 548-49 (2007); see also Gonzalez v. Hurley Intern, LLC, 920 F.Supp.2d 243, 249 (D.P.R. 2013).

Law 21 sales representatives *must* have the ability to procure and close sales that bind the principal. See IOM Corporation v. Brown Forman Corporation, 627 F.3d 440, 448 (1st Cir.2010). They must operate, "**within the Commonwealth of Puerto Rico**." (Emphasis added) 10 P.R. Laws Ann. § 279(a), by capturing "clientele to offer it a product or service marketed … in Puerto Rico." Id. § 279(c).   Law 21 protection only extends to exclusive sales representatives. 10 P.R. Laws Ann. § 279; see also Alina & A Tours, Inc. v. Royal Caribbean Cruises, Ltd., Civ. No. 06-1009 (JAG), 2006 WL 897975, at *9 (Mar. 31, 2006).  Such exclusivity is "generally apparent either from the contract or from the arrangements agreed upon between the parties."   IOM Corporation, 627 F.3d at 448.  "The exclusivity requirement is met where neither the principal merchant nor third parties are allowed to sell the product in the same territory or market in which the sales representative operates."  Id. at 448.

2. *The Complaint fails to support that Silva had local presence in Puerto Rico as ENTIC's exclusive representative.*

Silva's allegations regarding her sales activities and alleged relationship with ENTIC, INC., *do not support* the conclusion that she was ENTIC, INC.'s exclusive representative in Puerto Rico. First, Plaintiff affirms to be a resident of Madrid, Spain. See Docket No.1, ¶ 1. Second, she does not allege that she could close binding sales on behalf of ENTIC.  Third, although the Complaint mentions that in 2014 Silva was "appointed" as ENTIC's exclusive representative in Puerto Rico through a verbal contract, it does so in a conclusory fashion ("ENTIC appointed Priscilla Silva as its exclusive representative in Puerto Rico.") See Docket

No. 1, ¶ 9. Plaintiff alleges that after being appointed as an exclusive representative in Puerto Rico, she was provided with "promotional materials as well as technical support, including an assigned ENTIC domain email address." See Docket No.1, ¶ 9. Plaintiff merely alleges that she "opened, developed and prepared the marked and successfully introduced ENTIC to Puerto Rico" and her team "visited over 50 prospective clients in Puerto Rico." See Docket No.1, ¶¶ 10, 11. Such allegations are insufficient to plausibly establish that Silva had local presence in Puerto Rico as required by Law 21.

       *a. Silva's allegations contradict her status as a sales representative in Puerto Rico.*

Although Silva claims that she was appointed as an exclusive representative in Puerto Rico, see Docket No. 1 ¶ 9, the Complaint lacks sufficient factual allegations that would tend to show, let alone establish, that she had local presence in Puerto Rico. Indeed, her allegations belie this conclusion. In her Complaint, Silva alleges to be a resident of Madrid, Spain. (She does not allege having ever resided in Puerto Rico.) To the extent that her residency was in Madrid at the relevant times, she would not be able to invoke Law 21's protection. See Statement of Motives, *Laws of Puerto Rico*, Dec. 5, 1990, No. 21 (expressing that the statute was meant to protect sales representatives who "assume all the operational costs which such representation entails, such as the cost of maintaining an office, exhibition rooms, cars, office personnel, phones, electricity, water, insurance, travel costs, representation costs, office supplies and municipal patents."); see also A.M. Capen's Co., Inc. v. American Trading and Production Corp, 202 F.3d 469, 471 (1st Cir. 2000) (where the Court held that in a Law 75 context case where a company had no employees, office space or warehouses and no assets in Puerto Rico, and merely sent an agent to Puerto Rico periodically, there was no local presence for application of the Act); Nor-Dec, Inc. v. Viracon, Inc., 781 F. Supp.2d 38, 48-49 (D.P.R. 2010) (holding in a Law 21 context that,

although the plaintiff— a corporation incorporated in Florida with offices of its chief offices in Miami and that has never filed tax returns in Puerto Rico— employed a person to work in Puerto Rico, such "employment relationship only spanned a very limited time during the duration of the business relationship" between the parties and thus, the sales representative did not have local presence in Puerto Rico). In light that Silva's allegations regarding her residency contradict her statements that she was an exclusive sales representative, in Puerto Rico, she should not be able to invoke the protection of Law 21.

      b.   *Silva does not allege that she could close binding sales on behalf of ENTIC.*

Plaintiff alleges that "[i]n July of 2014 the first ENTIC contract in Puerto Rico was signed with Sheraton Hotel." See Docket No. 1, ¶ 15. Yet, Plaintiff fails to plead whether she procured or closed that sale on ENTIC's behalf: a requirement under Law 21. See IOM Corporation v. Brown Forman Corporation, 627 F.3d at 448 (dismissing a Law 21 claim because the well-pleaded facts in the complaint did not support the conclusion that defendant "procured and closed sales" on behalf of plaintiff). Given Plaintiff's failure to establish that she could bind the company, Silva's Law 21 claim ought to be dismissed.

      c.   *The Complaint fails to establish the existence of an exclusive representative agreement under Law 21.*

Plaintiff fails to plead any facts that would establish the existence of a valid exclusive representative agreement between ENTIC and her. Although Plaintiff alleges that there was a "verbal contract" between them, there is no allegation to suggest that there were any documents confirming such exclusivity. See Docket No. 1 ¶10. In Innovation Marketing v. Tuffcare Inc., 31 F.Supp.2d 218, 223 (D.P.R. 1998), the U.S. District Court for the District Court of Puerto Rico stated that under Law 21, any exclusive representative agreement under Law 21 is a commercial

contract subject to the provisions of the Commerce Code of Puerto Rico.  As such, the court held that "[t]he Commerce Code requires that essential elements of a contract be confirmed in writing".  Id., citing Pacheco v. National Western Life Insurance Co., 122 D.P.R. 55 (1988); Vulcan Tools of Puerto Rico, 23 F.3d 564, 567, n.4 (1st Cir. 1994).  To the extent that Plaintiff cannot confirm that her alleged exclusivity was documented, her Law 21 claim must be dismissed.

**C.    The Complaint fails to allege sufficient facts to show a damage to Plaintiff's reputation due to ENTIC's defamatory actions.**

Finally, Plaintiff's claim of slander is without merit.  Plaintiff alleges that "ENTIC executives… made false and damaging allegations" regarding her (see Docket No. 1, ¶ 26) and that ENTIC "implied that Mrs. Silva had participated or engaged in fraudulent conduct towards ENTIC and others" (see Docket No. 1, ¶ 27). As discussed below, none of the statements alleged in Plaintiff's Complaint are actionable as a matter of law, and, her Complaint should be dismissed with prejudice.

*1.  Puerto Rico's doctrine of defamation*

Under Puerto Rico law, in order to state a cause of action for defamation a plaintiff must plead that the defendant (1) made a false and defamatory statement that is "of and concerning" the plaintiff, (2) in a negligent manner **to another**, and (3) that the statement caused **real damage** to plaintiff's reputation.  Segarra Jiménez v. Banco Popular, Inc., 421 F. Supp.2d 452, 458 (D.P.R. 2006) *aff'd sub nom.*, 235 Fed. App'x 2 (1st Cir. 2007); see Caguas Satellite Corp. v. EchoStar Satellite LLC, 824 F. Supp. 2d 309, 315 n.5 (D.P.R. 2011) (In order for plaintiff to state a claim, "the defamatory statement must be **'specifically of and concerning'** the plaintiff.") (emphasis added); Luis Santiago v. Santiago, 731 F. Supp.2d 202, 209-10 (D.P.R. 2010)

(granting motion to dismiss defamation claim where plaintiff made only **conclusory allegations as to falsity and damages**). Conclusory "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" of defamation will not survive a motion to dismiss. Santiago, 731 F. Supp. 2d at 209-10 (internal quotation and citation omitted).

   2. *Plaintiff's accusations of slander are not actionable under Puerto Rico law.*

   The Complaint merely includes five conclusory statements that fail to state a plausible claim for relief under Puerto Rico defamation law. Plaintiff pleads no facts concerning the actual content of the statement made by ENTIC executives, or its falsity. More importantly, Plaintiff fails to establish an essential element to any slander cause of action, that is, that such commentaries were made **to another person** in a negligent manner or that the statements caused Silva **real damage** to her reputation. Instead, as per the Complaint's allegations, it could be validly and reasonably inferred that the alleged "false and damaging allegations" were supposedly made during a conversation exclusively held between ENTIC executives and Silva. See Docket, No. 1 , ¶ 26 ("However ENTIC executives unilaterally decided to sever their professional relationship and made false and damaging allegations regarding Mrs. Silva."). Likewise, Plaintiff merely pleads that her "reputation as a respectable businesswoman was damaged by ENTIC's false and inflammatory allegations of fraud." See Docket No.1, ¶ 28. But Plaintiff fails to allege *how or by whom* her reputation was damaged; instead, she relies on conclusory allegations as to falsity and damages. See Luis Santiago v. Santiago, supra. As previously stated, such conclusory allegations are not sufficient to meet Plaintiff's burden to state a claim under Iqbal or Twombly. See supra II. For these reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted and it should be dismissed.

### IV.   <u>Conclusion</u>

For the foregoing reasons, ENTIC, Díaz and Rosendo request that this Court dismiss Plaintiff's Complaint under Rule 12(b)(6) of Federal Rules of Civil Procedure because Plaintiff has failed to state a plausible claim against ENTIC be it under Law 21, under Puerto Rico doctrine of tortious interference or the doctrine of slander.

**WHEREFORE**, ENTIC, Diaz and Rosendo respectfully request that this Honorable Court enter judgment in their favor, dismissing the Complaint in its entirety with prejudice as to them, and awarding costs and attorney's fees.

**CERTIFICATE OF SERVICE**

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which, on information and belief, shall automatically notify counsel of record, who is a CM/ECF system participant at the corresponding e-mail address and which, pursuant to Local Civil Rule 5.1(b)(2), constitutes the equivalent service.

In San Juan, Puerto Rico, this 6th day of September, 2016.

**RESPECTFULLY SUBMITTED.**

**COLÓN & COLÓN, PSC**
Po Box 9023355
San Juan, Puerto Rico 00902-3355
Tel. (787) 758-6060
Fax. (787) 753-1656

**/s FRANCISCO J. COLÓN PAGÁN**
Francisco J. Colón Pagán
USDC No. 120503
fjcolon@colonlaw.com

11