**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PRISCILLA SILVA | CIVIL NO.  16-2311 (PAD) |
| Plaintiff | |
| Vs. | CIVIL  ACTION  FOR  DAMAGES UNDER LAW 21 (SALES REPRESEN-TATIVES);  TORTIOUS  INTERFE-RENCE; SLANDER |
| ENTIC, INC.; CARLOS DIAZ, MANUEL ROSENDO, EDWIN FERNANDEZ | |
| | JURY TRIAL IS REQUESTED |
| Defendants | |

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff, Priscilla Silva ("Silva"), through the undersigned counsel, and respectfully alleges and prays:

**PRELIMINARY STATEMENT**

1.    On July 6, 2016, Silva filed a Complaint against defendants ENTIC, Inc. ("ENTIC"), Carlos Díaz ("Díaz"), Manuel Rosendo ("Rosendo") and Edwin Fernández ("Fernández") (See, Docket No. 1).   Plaintiff asserts causes of action under Puerto Rico's Sales Representative Act (Law 21 of 1990), P.R. Laws Ann., Tit. 10, sec. 279 et seq., slander and tortious interference with a contractual relationship.

2.      Silva's claims result from ENTIC unilaterally severing its professional relationship with Plaintiff as its exclusive sales representative in Puerto Rico, and partaking in slanderous and defamatory statements regarding the reasons for Silva's termination.

3.      On September 6, 2016, Co-defendants, ENTIC, Díaz and Rosendo filed Motion to Dismiss. (See, Docket No. 4).

4.      Defendants' Motion to Dismiss is premised on Silva's failure to "allege sufficient facts to establish Plaintiff was a sales representative under Puerto Rico law" given the fact that Silva "does not allege that she had a local presence in Puerto Rico and an exclusive representative agreement with ENTIC". (See, Docket No. 4, P.2).

5.      The Motion to Dismiss also contends that "Silva's slander claim fails to allege a valid claim under Puerto Rico law", for "she did not plea that the alleged false and defamatory statement made by ENTIC's executives was made to another person in a negligent manner or that such statement caused real damages to her reputation". (See, Docket No. 4, P.2).

On the basis of the above-alleged pleading insufficiencies Defendants contend Plaintiff's allegations do not meet the Iqbal/Twombly plausibility standard and

2

thus fail to state a claims under Puerto Rico Law 21 and slander under the substantive law of Puerto Rico.

## ARGUMENT

### Pleading Standards Under Fer.R.Cic.P.8(a)

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief", in order to "give defendant fair notice of what the [...] claim is and the grounds upon which it rests". Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F. 3d 25, 28 (1st Cir. 2010) (Souter, J.), citing, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Non-conclusory factual allegations in the complaint must be treated as true, even if seemingly incredible. Ocasio-Hernández v. Fortuño-Burset, 640 F. 3d 1 (1st Cir. 2011), citing, Ashcroft v Iqbal, 556 US 662, 129 S. Ct. 1937, 1951 (2009). "The make-or-break standard is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a

sheer possibility that a defendant has acted unlawfully."
Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F.3d at
29.

In the matter at hand, it is alleged in the Complaint
that: ENTIC is a corporation organized under the law of the
State of Delaware that engages in the business of energy
optimization solutions; as of early 2014, ENTIC appointed
Silva as its exclusive representative in Puerto Rico (See,
Docket No. 1 ¶ 9); ENTIC provided Silva and her team with
promotional materials as well as technical support,
including an assigned ENTIC domain email address (See,
Docket No. 1 ¶ 9); Silva opened, developed and prepared the
market and successfully introduced ENTIC to Puerto Rico
(See, Docket No. 1 ¶ 10); ENTIC agreed to compensate Silva
in an amount equivalent to 15% of collected monthly revenue
for the duration of resulting contracts in the Puerto Rico
market (See, Docket No. 1 ¶ 10); during 2014 Silva and her
team visited over 50 prospective corporate clients in
Puerto Rico and obtained valuable energy consumption data,
which was analyzed and used by Silva and her team to
present and sell ENTIC's products and services to
prospective clients (See, Docket No. 1 ¶ 11); Silva and her
team arranged for the publication of articles about ENTIC
in local newspapers as part of her commitment to open the

market in Puerto Rico for ENTIC's products and services (See, Docket No. 1 ¶ 13); Silva created significant goodwill for ENTIC during the representation in Puerto Rico, which resulted the first ENTIC contract (with Sheraton Hotel) in Puerto Rico being signed in July of 2014 (See, Docket No. 1 ¶ 14, 15); after a contract with Sheraton Hotel was executed, ENTIC began to ignore Silva's communications and inquiries as to the execution of a written representative contract (See, Docket No. 1 ¶ 16); ENTIC simultaneously named Edwin Fernández as its representative in Puerto Rico (See, Docket No. 1 ¶ 16); ENTIC unilaterally severed its professional relationship with Silva by the end of 2014, ceased to recognize her as its representative in Puerto Rico, and refused to pay compensation for the Sheraton Hotel contract that resulted from Silva's diligent efforts (See, Docket No. 1 ¶ 17); ENTIC executives made false and damaging allegations that Silva had participated or engaged in fraudulent conduct towards ENTIC and others (See, Docket No. 1 ¶ 26, 27); Silva's reputation as a respectable businesswoman was damaged by ENTIC's false and inflammatory allegations of fraud (See, Docket No. 1 ¶ 28).

If taken as true, the allegations in the Complaint allow the court to draw the reasonable inference that there

was a termination without just cause of Silva as ENTIC's exclusive sales representative in Puerto Rico, which constitutes a violation of P.R. Law 21 of 1990. Subsequent to ENTIC appointing Silva's as its exclusive representative in Puerto Rico, Plaintiff established significant presence in Puerto Rico, met with over 50 prospective corporate clients, and made significant efforts to develop and prepare the Puerto Rico market for ENTIC's products. Also, defendants have not disputed the fact that Silva was the only ENTIC representative in the Puerto Rico market during the existence of their representation agreement. Furthermore, the court may draw a reasonable inference that the defendants engaged in slanderous behavior after expressing that Silva participated in a fraudulent scheme.

### The Puerto Rico Law 21 Claim

Defendants argue that Silva's Complaint fails to allege a cause of action against ENTIC for ENTIC, INC. did not exist prior to November 25, 215. Exhibit A of Defendant's Motion to Dismiss is a document titled "Articles of Conversion for Florida Limited Liability Company in 'Converted or Other Business'". "According to this documents, ENTIC, LLC, a Florida Limited Liability Company, converted into ENTIC, INC., a corporation duly organized and incorporated under the Laws of Delaware."

(See, Docket No. 4, P. 4). Moreover, Defendants stress that ENTIC, LLC and ENTIC, INC. are two different entities and that it would have been impossible for ENTIC, INC to appoint Silva as its exclusive sales representative in 2014.

However, Delaware law states that "when another entity has been converted to a corporation of this State pursuant to this section, the corporation of this State shall, for all purposes of the laws of the State of Delaware, be deemed to be the same entity as the converting other entity. ... [A]ll rights of creditors and all liens upon any property of such other entity shall be preserved unimpaired, and all debts, liabilities and duties of the other entity that has converted shall remain attached to the corporation of this State to which such other entity has converted, and may be enforced against it to the same extent as if said debts, liabilities and duties had originally been incurred or contracted by it in its capacity as a corporation of this State." Johnson v. Smithkline Beecham Corp., 724 F.3d 337 (3d Cir. Pa. 2013); citing, Del. Code Ann. Tit. 8, sec. 265(f). Therefore, Silva's Complaint may be enforced against ENTIC, INC. to the same extent as if it where ENTIC, LLC.

Furthermore, ENTIC, Díaz and Rosendo argue that the Complaint fails to support the fact that Silva was an exclusive sales representative under Puerto Rico law.

Puerto Rico's Law 21 defines a sales representative as an independent entrepreneur who establishes a sales representation contract of an exclusive nature, with a principal or grantor, and who is assigned a specific territory or market, within the Commonwealth of Puerto Rico. See, P.R. Laws Ann. Tit. 10, sec 279. "The Puerto Rico Supreme Court has expounded on the matter, explaining that a sales representative is a business intermediary who: (1) exclusively promotes and processes contracts on behalf of a principal in an ongoing, stable manner; (2) operates in a defined territory or market; (3) is responsible for creating or expanding the market for the principal's products through promotional efforts; (4) receives commissions for his services or a pay previously agreed upon by the parties; and (5) operates as an independent merchant". See, González v Hurley Intern, LLC, 920 F.Supp.2d 243, 249 (D.P.R. 2013).

From a careful review of the Complaint, it is clear that the requirements set forth in Puerto Rico Law 21 were met by Silva. Given the circumstances surrounding her professional business relationship with ENTIC (1) Silva and

her team where the only ENTIC representatives in Puerto Rico; (2) time and effort were spent in opening, developing and preparing the market to introduce ENTIC's products; (3) Silva and her team went so far as to arrange for the publication of articles about ENTIC in local Puerto Rican newspapers; (4) 50 prospective corporate clients were procured by Silva, with whom she met as an ENTIC representative, and from which ENTIC gained an important contract with the Sheraton Hotel; (5) on several occasions ENTIC representatives including Rosendo and others visited Silva in Puerto Rico in support of her efforts as ENTIC's representative.

Also, defendants argue that Silva failed to establish the existence of an exclusive representative agreement under Law 21, as "there are no allegations to suggest that there were any documents confirming such exclusivity". (See, Docket No. 4, P. 8). Defendants argue that any exclusive representative agreement under Law 21 is a commercial contract to subject to the provisions of the Commerce Code of Puerto Rico as stated in Innovation Marketing v. Tuffcare Inc., 31 F. Supp.2d 218,223(D.P.R. 1998), and as such it is required that "essential elements of a contract be confirmed in writing". Id., citing Pacheco v. National Western Life Insurance Co., 122 D.P.R. 55

9

(1988); <u>Vulcan Tools of Puerto Rico</u>, 23 F.3d 564, 567 n.4 (1st Cir. 1994). However, "the First Circuit Court has clearly stated in interpreting Law 75 (Law 75 being also a commercial contract that parallels and models Law 21, <u>Innovation Marketing</u>, <u>Id</u>. at 220) that a verbal commercial contract may be confirmed by actions of the parties be it verbal and/or written. <u>See</u>, <u>R.W. Intern. Corp. v. Welch Food, Inc.</u>, 13 F.3d 478 (1st Cir. 1994). Therefore, what the law envisions either a written commercial contract or conduct or confirmation of the relationship be it verbal or in writing." <u>Rafael Refojos & Assocs. v. Ideal Auto. & Truck Accessories, Inc.</u>, 2006 WL 695806 (D.P.R. Mar. 15, 2006).

Although Silva did not offer in her Compliant any documents conforming her exclusivity with ENTIC, the circumstances and facts that frame her verbal contract and business relationship with ENTIC, serve as confirmation of her exclusivity with said defendant.

## The Slander Claim

Defendants argue that Silva's accusation of slander are not actionable under Puerto Rico law. They insist that the complaint "merely includes five conclusory statements that fail to state a plausible claim for relief". (<u>See</u>, Docket No.4, P. 10).

In accordance with Puerto Rico law, a "private citizen who seeks redress for defamation, whether written or oral, must prove the following: (1) that information that is false and defamatory was (2) negligently published, with the result that (3) the defamed person suffered real damages." Jiménez v. Banco Popular, Inc., 421 F. Supp. 2d 452, 458 (D.P.R. 2006); citing, Pérez Rosado v. El Vocero de P.R., 149 DPR 427, 442 (1999). The information, apart from being false, must be injurious, which requires that the libelous publication tend to subject the person to "public hatred or contempt, or to deprive him of the benefits of public confidence and social intercourse, or to injure him in his business, or in any other way to throw discredit, contempt of dishonor upon him. Id., citing, Porto v Bentley, 132 D.P.R. 331, 345 n. 11, 1992 Juris P.R. 175 (1992); referring to 32 P.R. Laws Ann. Sec 3142.

As stated in the Complaint, Silva contacted ENTIC and its officials in regards to formalizing a written contract in many occasions, most of which were ignored by the defendants. Subsequently ENTIC unilaterally decided to sever their professional business relationship with Silva and made false and damaging allegations as to the reason for her termination. Specifically, ENTIC expressed that Silva has engaged in fraudulent actions. Defendants'

allegations of fraud involving Silva were shared by ENTIC and its officials and was a reason given by ENTIC to its officers and others as the reason for terminating Silva as their representative in Puerto Rico. Furthermore, Silva's reputation as a respectable businesswoman was damaged by defendants' false and inflammatory allegations of fraud.

Plaintiff respectfully submits that the allegations in the complaint state a claim for relief under Puerto Rico Law 21 and for slander against defendants.

**WHEREFORE,** it is most respectfully requested that defendants' Motion to Dismiss be denied.

**CERTIFICATE OF SERVICE:**

I hereby certify that on this same date this document has been filed electronically with the Clerk using the CM/ECF system. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 7th day of October, 2016.

**ENRIQUE PERAL LAW OFFICES, P.S.C.**

BY:

**s/ Enrique Peral Soler**

13

USDC No. 202802
340 Avenida Felisa Rincón,
Apdo. 2508
San Juan, Puerto Rico 00926-6641
Tel. (787) 360-6035
Email: eperal@peral-law.com;
legalassistant@peral-law.com