IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PRISCILLA SILVA<br><br>               Plaintiff,<br><br> v.<br><br>ENTIC, INC.; CARLOS DIAZ; MANUEL ROSENDO; EDWIN FERNANDEZ,<br><br>               Defendants. | CIVIL NO. 16-2311 (PAD)<br><br>CIVIL ACTION FOR DAMAGES UNDER LAW 21 (SALES REPRESENTATIVES); TORTIOUS INTERFERANCE; SLANDER<br><br>JURY TRIAL IS REQUESTED |

**REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO MOTIONS TO DISMISS**

    **COME NOW** Co-Defendants ENTIC, INC., ("ENTIC"), Carlos Díaz ("Díaz") and Manuel Rosendo ("Rosendo") through the undersigned counsel, and respectfully state, allege, and pray as follows:

    1.    On October 7, 2016 plaintiff filed a motion opposing to the appearing parties' request for dismissal on the basis that the Complaint fails to state a claim upon which relief can be granted against defendants. But plaintiff's opposition fails to show how, from the allegations in the complaint, it can <u>reasonably</u> be inferred that she has a cause of action pursuant to the Puerto Rico Sales Representative Act, Law No. 21 of December 5, 1990 ("Law 21"), or a cause of action pursuant to the Libel and Slander Act of 1902 ("Slander Act").

    2.    The cause of action related to the alleged sales representative contract is a claim established under the Commerce Code of Puerto Rico ("Commerce Code"), as it is based on Law 21. Therefore, the execution of a sales representation contract will be subject to the formality requirements for its validity of commercial contracts, which

establish that an exclusivity clause be corroborated in writing. <u>Innovation Marketing v. Tuffcare Inc.</u>, 31 F.Supp.2d 218, 223 (D.P.R. 1998), citing <u>Garita Hotel v Ponce Federal FSB</u>, 954 F. Supp. 438 (1996). The District Court stated that commercial contract require corroborating evidence as to the existence of the agreement and its terms. <u>Garita</u> was affirmed by the First Circuit. See 122 F.3d 88 (1st Cir. 1997). Moreover, in <u>Innovation</u>, it was resolved that "Verbal evidence under the Commerce Code is insufficient at law without corroboration". Furthermore, in <u>Distribuidora VW, Inc. v. Old Fashioned</u>, Inc., 84 F. Supp. 3d 82, (D.P.R. 2014), the Puerto Rico Supreme Court concluded that because there was no evidence other than oral testimony regarding the contract, the party asserting the validity of the contract had failed to prove its existence. See <u>Vila & Hnos, Inc., v Owens Ill. de Puerto Rico</u>, 117 D.P.R. 825 (1986); see also Article 82 of the Commercial Code of Puerto Rico, 10 L.P.R.A. § 1302. Consequently, the terms of a commercial contract <u>must</u> be contained in writing somehow.

3. It is an uncontested fact that the plaintiff Priscilla Silva never had a written contract with any of the defendants, nor with Entic, LLC. *See Docket No. 1, ¶¶ 10, 16; and Docket No. 13, page 10, ¶ 2.* In her Opposition, plaintiff failed to show the court how the combined allegations in the Complaint, even if viewed in the light most favorable to her, can be construed to allow the Court to draw a reasonable inference that her alleged contract for exclusive sales representation was ever executed, much less in writing. Also, plaintiff failed to show the court how the allegations can be construed to reasonable infer there is written evidence to prove the contract's existence. In other words, plaintiff failed to show that the allegations comply with the standard she argues is applicable. This failure is fatal to her cause of action.

4.     The other cause of action brought forth against the appearing parties is a cause of action for slander (defamation) pursuant to 32 L.P.R.A. § 3141, et seq, Libel and Slander Act of 1902. In the Act, Slander is defined as "a false and unprivileged <u>publication</u> other than libel, which imputes to any person the commission of a crime, or tends directly to injure him in respect to his office, profession, trade or business, or which by natural consequences causes actual damages." *Id*. *§ 3143 (underlined added)*. Clearly a claim under this Act requires an affirmative action to <u>negligently publish</u> the alleged defamatory statements, and that said negligent publication cause <u>real damage</u> to the defamed person. Plaintiff recognizes that her cause of action for slander is based on the existence of such requirements. *See Docket No. 13, page 11, ¶ 1.*

5.     To publicize means to make available through mass media to the public.[1] Publish <u>and</u> publishing both mean to communicate a document or information by way of media such as print, radio and television.[2] Plaintiff's claim is that ENTIC <u>implied</u> to her that she had participated or engaged in fraudulent conduct. *See Docket No. 1, ¶¶ 26 and 27.* This statement cannot reasonably be construed to imply that ENTIC published or disclosed to third persons any damaging statement against plaintiff.

6.     The Puerto Rico Supreme Court has ruled that offensive words uttered against a person in the heat of excitement and passion do not constitute slander per se, and they are not meant to injure the offended person in his business. <u>Fuentes v. Hull Dobbs Co. of P.R.</u>, 88 P.R.R. 544 (1963). In order to determine responsibility, the slanderous words must be characterized not by the internal reaction of the person

---

[1] http://thelawdictionary.org/letter/p/page/169/
[2] http://thelawdictionary.org/letter/p/page/169/ and http://thelawdictionary.org/letter/p/page/170/ respectively.

against whom the words are uttered, but by the nature and meaning of the words themselves **and the fact that those words were heard by a third person**. <u>Alvarez v Perez</u>, 147 D.P.R. 453 (1953). Furthermore, the gravement and essence of a slander action relates to damages caused to a person's reputation and the reputation depends on the reaction of third persons. <u>Id</u>.

7.  Even when plaintiff admits what the elements of her cause of action are, her allegations fail establish their existence. She has also failed to establish how the combined conclusory allegations in the Complaint, even if viewed in the light most favorable to the plaintiff, can be construed to draw a reasonable inference that the alleged defamatory statements were published or caused any real damage. This failures are fatal to her slander action.

8.  In light of the above, the controversy of whether ENTIC, Inc., is the same as Entic, LLC, is immaterial and moot for purposes of the motion for dismissal.

9.  For the foregoing reasons, as well as the reasons stated in the Motion to Dismiss (Doket No. 4) ENTIC, Díaz and Rosendo request that this Court dismiss Plaintiff's Complaint under Rule 12(b)(6) of Federal Rules of Civil Procedure because Plaintiff has failed to state a plausible claim against the appearing parties be it under Law 21, or the doctrine of slander. As there is no claim against the appearing defendants for the remaining cause of action, the Complaint against them should be completely dismissed.

**WHEREFORE**, ENTIC, Diaz and Rosendo respectfully request that judgment be entered in their favor, dismissing the Complaint in its entirety with prejudice as to them, and awarding costs and attorney's fees.

**CERTIFICATE OF SERVICE**

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which, on information and belief, shall automatically notify counsel of record, who is a CM/ECF system participant at the corresponding e-mail address and which, pursuant to Local Civil Rule 5.1(b)(2), constitutes the equivalent service.

In San Juan, Puerto Rico, this 21st day of October, 2016.

**RESPECTFULLY SUBMITTED.**

        **COLÓN & COLÓN, PSC**
        Po Box 9023355
        San Juan, Puerto Rico 00902-3355
        Tel. (787) 758-6060
        Fax. (787) 753-1656

        **/s FRANCISCO J. COLÓN PAGÁN**
        Francisco J. Colón Pagán
        USDC No. 120503
        fjcolon@colonlaw.com